## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In Re:<br><br>NationsRent, Inc. et al.,<br><br>Debtors, | Case Nos. 01-11627 through 01-11639 (PJW)<br><br>(Jointly Administered)<br><br>Chapter 11 |
| NationsRent Unsecured Creditor's Liquidating Trust, Parry Mandarino, Not Personally, But as Trustee,<br><br>Plaintiff,<br><br>v.<br><br>Sterling Truck Center,<br><br>Defendant. | District Court Case No. 04-01102 KAJ |

COMES NOW Sherry Ruggiero Fallon of the law firm Tybout, Redfearn and Pell, as counsel for Sterling Truck Center, hereinafter "Defendant", which hereby responds and answers Plaintiff's Complaint as follows:

1. Defendant admits the allegations contained in Paragraph 1 of Plaintiff's Complaint.

2. Defendant admits the allegations contained in Paragraph 2 of Plaintiff's Complaint.

3. Defendant admits the allegations contained in Paragraph 3 of Plaintiff's Complaint.

4. Defendant denies the allegations contained in Paragraph 4 of Plaintiff's Complaint and affirmatively states that Sterling Truck Center is a dba of Freightliner of Utah, LLC, a limited liability company.

5. Defendant admits the allegations contained in Paragraph 5 of Plaintiff's Complaint.

6. Defendant admits the allegations contained in Paragraph 6 of Plaintiff's Complaint.

7. Defendant admits the allegations contained in Paragraph 7 of Plaintiff's Complaint.

8. Defendant incorporates herein by reference its responses to Paragraphs 1 through 7 of Plaintiff's Complaint in response to Paragraph 8 of Plaintiff's Complaint.

9. Defendant admits the allegations contained in Paragraph 9 of Plaintiff's Complaint.

10. Defendant admits the allegations contained in Paragraph 10 of Plaintiff's Complaint.

11. Defendant admits the allegations contained in Paragraph 11 of Plaintiff's Complaint.

12. Defendant has insufficient information to admit to the allegations contained in Paragraph 12 of Plaintiff's Complaint and therefore denies the same.

13. Defendant has insufficient information to admit to the allegations contained in Paragraph 13 of Plaintiff's Complaint and therefore denies the same.

14. Defendant denies the allegations contained in Paragraph 14 of Plaintiff's Complaint.

15. Defendant denies the allegations contained in Paragraph 15 of Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

To the extent any preference payment occurred, such payment may be offset by the new value provided to Plaintiff by Defendant pursuant to 11 U.S.C. §547(c)(1)(A).

### THIRD AFFIRMATIVE DEFENSE

To the extent that any preference payment occurred, such payment may not be recovered as it was in fact a substantially contemporaneous exchange pursuant to 11 U.S.C. §547(c)(1)(B).

### FOURTH AFFIRMATIVE DEFENSE

To the extent that any preference payment occurred, it was the payment of a debt incurred by the Plaintiff in the ordinary course of Plaintiff's business on a debt incurred in the ordinary course of the Plaintiff's business and made according to ordinary business terms pursuant to 11 U.S.C. §547(c)(2).

### FIFTH AFFIRMATIVE DEFENSE

To the extent that any preference payment occurred, the payment may not be recovered in that the recovery action will not benefit the estate as required under 11 U.S.C. §550 because, among other things, it will not be committed to the unsecured creditor in a meaningful and

measurable way as it is not likely that any recovery will be distributed to the estate's unsecured creditors.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims against this Defendant are barred by the applicable statutes of limitations.

## SEVENTH AFFIRMATIVE DEFENSE

Defendant reserves the right to assert any and all other further affirmative defenses as it becomes aware of them through discovery in this adversary proceeding or by further investigation.

WHEREFORE, Defendant Freightliner of Utah, L.C., dba Sterling Truck Center respectfully requests that the Court dismiss Plaintiff's Complaint with prejudice and to award the Defendant its costs and attorney's fees in defending this action and for such other and further relief as the Court deems proper under the circumstances.

DATED this 31st day of May 2005.

TYBOUT, REDFEARN & PELL

*Sherry Ruggiero Fallon by Rw Pell*
SHERRY RUGGIERO FALLON (#2464)
300 DELAWARE AVENUE, SUITE 1100
P.O. BOX 2092
WILMINGTON, DE 19899-2092
(302) 658-6901
Attorney for Defendant
Sterling Truck Center

## CERTIFICATE OF SERVICE

I, Richard W. Pell hereby certify that I am not less than 18 years of age, and that on this 31st day of May 2005, service of the foregoing ANSWER TO COMPLAINT TO AVOID PREFERENTIAL TRANSFERS was made upon the following parties, in the manner indicated below:

**FIRST CLASS U.S. MAIL**
LOWENSTIN SANDLER, PC
Paul Kizel
65 Livingston Avenue
Roseland, NJ 07068

**HAND DELIVERY**
THE BAYARD FIRM
Ashley B. Stitzer
Neil B. Glassman
Christopher A. Ward
Mary E. Augustine
222 Delaware Ave. Suite 900
Wilmington, Delaware 19801

TYBOUT, REDFEARN & PELL

*/s/ Richard W. Pell/*

RICHARD W. PELL (#178)
300 DELAWARE AVENUE, SUITE 1100
P.O. BOX 2092
WILMINGTON, DE 19899-2092
(302)658-6901
Attorneys for Defendant
Sterling Truck Center

5